

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

Jacklyn Esposito

    -against-                     **Plaintiff**

Retrieval-Masters Creditors Bureau,
Inc., D/B/A American Medical
Collection Agency

                                **Defendant**

----------------------------------------X

Docket No.

RECEIVED MAR 30 2015 U.S.D.C. S.D.N.Y. CASHIERS

COMPLAINT AND DEMAND FOR JURY TRIAL

Unlawful Debt Collection Practices

TRIAL BY JURY DEMANDED

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Defendant debt collector violated the Plaintiff's right to privacy in an attempt to collect an alleged consumer debt of another person. The Defendant persistently used a robo-dialer to call the Plaintiff's cellular phone despite the Plaintiff informing the Defendant that the alleged medical debt had been previously satisfied.

2. This is an action for damages brought by two individual consumers for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"); and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 et seq..

3.    According to 15 U.S.C. 1692:

(a)    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d),; 28 U.S.C Section 1331 and or 18 U.S.C. Section 1337; and supplemental jurisdiction exists for the TCPA claims pursuant to 28 U.S.C. Section 1367 as these claims are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA. Venue in this District is proper in that the Defendant transacts business here, and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

5. Plaintiff, Jacklyn Esposito is a natural person residing in New York, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant, Retrieval-Masters Creditors Bureau, Inc., D/B/A American Medical Collection Agency is a corporation authorized to do business in New York State. The

principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

8. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

9. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

10. The acts of the Defendant alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats paragraphs "1" through "10" as if fully restated herein.

12. Plaintiff is alleged to have incurred a debt to Quest Diagnostics for medical services. ("the debt"). The alleged debt was incurred for personal, family, or household services, and not for any business purpose.

13. At some point unknown to Plaintiff, Defendant alleges to have acquired the right to attempt to collect the alleged debt on behalf of Quest Diagnostics.

14. Defendant and Plaintiff have no relationship. All communications between the Plaintiff and the Defendant were in connection with the collection of the alleged debt.

15. Defendant utilizes an automatic telephone dialing system to telephone consumers.

16. The Defendant has registered its automatic telephone dialing system with the state of Texas, under Permit No: 110015.

17. Defendant utilizes telephone equipment capable of delivering a pre-recorded messages to the recipient of the calls.

18. The Defendant persistently telephoned the Plaintiff's cellular telephone using an automatic telephone dialing system in an attempt to collect the alleged debt.

19. The Plaintiff informed the Defendant that the debt had been previously paid through insurance so as to stop the calling.

20. Notwithstanding the fact that the debt had already been paid, and notwithstanding the fact that the Defendant was aware of this, the Defendant continued to call the Plaintiff in an attempt to induce the Plaintiff into paying Defendant money.

21. The Defendant sought to collect money from the Plaintiff that the Plaintiff did not owe.

22. The Defendant knew that the Plaintiff did not owe the alleged debt, but continued to call the Plaintiff.

23. The Defendant did not send the Plaintiff the notices required by 15 USC 1692g.

24. The Defendant did not receive any direct communication from the Plaintiff authorizing the Defendant to telephone the Plaintiff's cellular phone.

25. The Plaintiff never expressly consented to Defendant making calls to her using an automated telephone dialing system.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

27. Defendant's actions as described herein violated the following provisions of the FDCPA:

   a. 15 USC 1692e

   b. 15 USC 1692e(2)

   c. 15 USC 1692e(10)

   d. 15 USC 1692d

   e. 15 USC 1692d(5) and

   f. 15 USC 1692g.

## VI. CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

29. Within the three years preceding the filing of this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service using any automatic telephone dialing system and delivered a pre-recorded message in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

30. The Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

31. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

32. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

33. Pursuant to the 47 U.S.C. Section 227 b (3) the Plaintiff is entitled to an injunction prohibiting the Defendant from using an automated telephone dialing system to call the Plaintiff's cellular phone and prohibiting the Defendant from initiating a call to the Plaintiff's cellular phone to deliver a pre-recorded message.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages under the FDCPA

2. Statutory damages pursuant to the FDCPA and the TCPA;

3. Costs and reasonable attorney's fees

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

/s/ Joseph M. Mauro
Attorney for Plaintiff